## ABRAM W. NORTON and SAMUEL B. WILSON v. NICHOLAS LARCO and A. BASSIGNANO.

STATUTE OF LIMITATIONS ON AN ACCOUNT.—Where there have been reciprocal demands between the parties upon a mutual open and current account, the Statute of Limitations commences running at the time of the last item of the account proved on either side.

WHAT ARE MUTUAL ACCOUNTS. — Mutual accounts are made up of matters of set-off where there is an existing debt on the one side which constitutes a credit on the other, or where there is an express or implied understanding that mutual debts shall be satisfied or set off *pro tanto* between the parties.

WHEN PROPERTY RECEIVED AND CREDITED MAKES ACCOUNT MUTUAL.—The defendants, being indebted to the plaintiffs on account, delivered to them an article of personal property, for which the latter gave the former credit at a specified valuation; *Held*, that thereby the account between the parties became a mutual open and current account, consisting of reciprocal demands between them.

STRIKING OF A BALANCE ON ACCOUNTS. — Where there are demands on each side, the striking of a balance converts the set-off into a payment, and from that time the Statute of Limitations commences running.

MUTUAL ACCOUNTS.—Until a balance is struck a mutual account is open and current.

A PAYMENT DOES NOT MAKE AN ACCOUNT MUTUAL.—A payment, whether it be made in money or of an article of personal property of a stipulated value, made on an account and intended as a payment, and not as a set-off *pro tanto*, does not make an account mutual.

PAYMENT ON AN ACCOUNT. —Where money is delivered by one party to the other, and credited on account by him who received it, it will be treated as intended as a payment, unless it is shown to have been delivered as a loan; but not so with personal property, even though a value be affixed thereto.

APPEAL from the District Court, Seventh Judicial District, Napa County.

The facts are stated in the opinion of the Court.

*H. P. Irving*, and *P. W. S. Rayle*, for Appellant.

To avoid the operation of the Statute of Limitations the plaintiffs take the ground that the credit for the horse power brings the account within the exception of section eighteen of the statute. We maintain this item could have no such effect. It is precisely as if there had been a credit for one hundred and fifty dollars in money. (*Weatherwax* v. *Cosumnes Valley Mill Co.*, 17 Cal. 344; *Louber* v. *Smith*, 7 Barr, 381; Note to Angell on Lim., Sec. 149.)

To constitute an account mutual, there must be mutual dealing—a buying and selling on both sides. (*Murray et al.* v. *Coster et al.*, 20 Johns. 576; *Kimball et al.* v. *Brown*, 7 Wend. 322; *Chamberlain* v. *Cuyler*, 9 Id. 126.)

To constitute a mutual account within the exception of the Statute of Limitations, there must be reciprocal demands; it does not apply where the demand is all on one side, though payments on account have been made. (*Ingraham* v. *Sherard*, 17 Serg. & Rawle, 347.)

Accounts are mutual when each party makes charges against the other in his books for property sold, services realized, or money advanced, etc. (*Carling* v. *Sculding*, 6 T. R. 189; *Edmonston* v. *Thompson*, 15 Wend. 554.)

There must be a mutual or alternate course of dealing. (*Fox* v. *Smith*, 6 Howard, Miss. 346.)

*C. Hartson*, for Respondent.

It is admitted that the account is true and correct as rendered, showing a balance of nine hundred and twenty-nine dollars due the plaintiffs from defendants.

Here is a general admission, not that one part or item is true and correct, but that all items and parts—the whole account—is so; and that from all of their transactions there results a certain specified sum due to the plaintiffs.

· It is further stipulated that " the items of the account were delivered," and that this was done " as of the dates charged in the account of plaintiffs." What account is referred to? The stipulation leaves no uncertainty about this. There was, then, a balance due the plaintiffs, and 'there were reciprocal demands and a mutual open and current account between the parties. (*Kimball* v. *Brown*, 7 Wend. 325.)

By the Court, CURREY, C. J.:

This action was brought to recover nine hundred and twenty-nine dollars, the balance due from the defendants to the plaintiffs upon an account for work performed and materials furnished in and about such work. The defendant Bassignano answered, pleading a discharge from his debts by the decree of a Court of competent jurisdiction. The defendant Larco, by his answer, traversed the material allegations of the complaint, and as an affirmative defénse pleaded the Statute of Limitations. The cause was tried by the Court without a jury, and judgment was found for the defendant Bassignano on his plea of discharge from his debts as an insolvent debtor, and judgment was rendered against the defendant Larco for the sum above named and the costs of the action. From this judgment and an order afterward made denying the defendant Larco's application for a new trial, he has appealed.

The plaintiff's account, which consisted of over three hundred and fifty items, extending from early in October, 1858, to and including the 24th of October, 1860, was for work per-

formed and materials furnished by them as blacksmiths and machinists. The whole account amounted to the sum of sixteen hundred and forty-five dollars and twenty-five cents. The same account exhibits five credits by cash and one by a "horse power," the value of which is carried out at one hundred and fifty dollars. The credits in the aggregate amount to seven hundred and sixteen dollars and seventy-five cents. The evidence in the case was that the items of the account were delivered and the services rendered at the times specified in the account, by the plaintiffs for the defendants; also, that the account was true and correct as rendered, showing a balance of nine hundred and twenty-nine dollars due the plaintiffs from the defendants for labor and service and materials furnished between the 12th of October, 1858, and the 24th of October, 1860, inclusive.

The action was commenced on the 23d of October, 1862. The last item of the account is under date of October 24th, 1860. This is the only item falling within two years before the commencement of the action. The credits by cash bear dates at different times while the account was running, and the credit by one horse power, valued at one hundred and fifty dollars, is entered at the foot of the account, and is dated October, 1859.

The Court decided that there was a mutual, open and current account existing between the parties, and that as the last item of the plaintiffs' account accrued within two years before the commencement of the suit, the plaintiffs' cause of action accrued at that time, and that as a consequence they were entitled to judgment for the amount due as exhibited by the account rendered. The correctness of this decision is controverted by the appellant.

### *Statute of Limitations on accounts.*

The eighteenth section of the "Act defining the time for commencing civil actions" (Laws 1850, p. 345,) reads as follows: "In an action brought to recover a balance due upon a

mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side."

To bring the case within the saving of the statute it must appear, first, that the account between the parties consisted of reciprocal demands; second, that the same was open, as contradistinguished from an account stated; and third, that it consisted of different items of different dates, or in other words that it was a current account. Mutual accounts are made up of matters of set-off. There must be a mutual credit founded on a subsisting debt on the other side, or an express or an implied agreement for a set-off of mutual debts. A natural equity arises when there are mutual credits between the parties, or where there is an existing debt on one side which constitutes a credit on the other; or where there is an express or implied understanding, that mutual debts shall be a satisfaction or set-off *pro tanto* between the parties. (Angell on Lim., Chap. 14, Sec. 7.) Was there a subsisting debt against the defendants when they delivered to the plaintiffs the chattel called a " horse power," which the latter received at a specified value, crediting the defendants for it? Of this no question is made or doubt suggested. Then upon the delivery of the horse power to the plaintiffs the same became a matter of account in favor of the defendants against the plaintiffs, and until the account between the parties might be stated and the balance struck, it stood as a set-off *pro tanto* to the demand of the plaintiffs. (*Gass* v. *Stinson*, 3 Sumner, 114, 115.) Where there are demands on each side, the striking of a balance converts the set-off into payment, (*Ashby* v. *James*, 11 Mees. and Welsby, 542,) and from the time the balance is ascertained by the parties and is admitted to be due from the one to the other, the account is at an end, and the ascertained balance is immediately subjected to the operation of the statute, as an original and separate demand. (Angell on Lim., Chap. 14, Sec. 8.) The account between the parties had not been stated at the time this action was brought. It was then open and current.

It was also mutual, because each party had a demand against the other which remained subsisting and unliquidated.

### *Proof of mutual account.*

The appellants' counsel raise the point that it does not appear that defendants had an account against the plaintiffs. The testimony of the absent witness, agreed upon and admitted by stipulation, was to the effect that " the account is true and correct as rendered, showing a balance of nine hundred and twenty-nine dollars due the plaintiffs from the defendants, for labor and services and materials rendered between the 12th of October, 1858, and the 24th of October, 1860, inclusive." This account exhibited the several credits given the defendants by the plaintiffs, as already mentioned. These credits entered into the account by which the plaintiffs' demand was reduced over seven hundred dollars. The credit for the horse power was recognized as correct, because by rejecting it the balance due the plaintiffs would have been one thousand and seventy-nine dollars, instead of nine hundred and twenty-nine dollars. In our judgment, the objection suggested is overcome by the stipulated testimony.

The case of *Weatherwax and others* v. *The Cosumnes Valley Mill Company*, 17 Cal. 345, is relied on by the appellant as sustaining his defense. That was an action on an open account. The defendants interposed the Statute of Limitations, to avoid which the plaintiffs sought to show that the transactions between the parties constituted a mutual, open and current account, consisting of reciprocal demands between them. The evidence in the case was that the defendant delivered to the plaintiffs a lump of gold amalgam, to be by them sent to the Mint, and after the return of the proceeds the defendant was to be credited therewith. The proceeds, the Court say, were paid to the plaintiffs and credited on the account. The question was, whether the payment of the proceeds—that is, the money which was obtained from the Mint—constituted in part a mutual, open and current account between the parties, and the Court held that it did not, because the account lacked the

quality of reciprocity. The account was entirely upon one side. The proceeds of the amalgam was money, and when applied it operated as a payment on account.

### Payment on account.

It must be admitted that a payment, whether it be of money or of any article of personal property of a stipulated value, made on account, would not make the account a mutual account consisting of reciprocal demands ; but where money is delivered by one of the parties to the other, and credited on account by him who received it, it must ordinarily be treated as intended as a payment, but not so, we apprehend, as to personal property, even though a value be affixed thereto by the party making the entry as a credit on account. In the course of mutual dealings between parties, the balance due may sometimes be on the one side, and sometimes on the other, and in the ascertainment of the state of the account each may use his own demand as set-off against that of the other until the less is exhausted by the greater. If the plaintiffs had brought their action for the entire amount of their account against the defendants, the latter might, under a proper answer have set off the horse power against the plaintiffs' demand at its value, not as a payment in the technical sense of the word, but as a counter claim. Mutual accounts, as we have already said, are made up of matters of set-off where each party has a demand or right of action against the other. As soon as the defendants had sold and delivered the horse power to the plaintiffs, they had a demand against the plaintiff therefor as for personal property sold and delivered.

In its essential features the case under consideration resembles that of *Penniman* v. *Rotch*, 3 Met., Mass. 216. In the case referred to the action was assumpsit for provisions sold and delivered. The defendant did not plead any set-off, but relied on the six years' Statute of Limitations as a bar to all the items of the plaintiff's account previous to a certain day. Some of the items of the plaintiff's demand, as the same

appeared by the account rendered, were barred by the statute. To overcome and avoid the effect of the defendant's plea, the plaintiff relied upon two items entered in his account as credits to the defendant, both of which were of dates more than six years before the action was commenced. One of these items was a credit for cash, specifying the sum ; the other was for a calf, with its value carried out. It was in evidence that the plaintiff had the calf of the defendant. One question considered was whether the case disclosed a mutual and open account between the parties within the purview of the statute, which was in these words : " In all actions of debt or assumpsit, brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account." The Court, by Mr. Chief Justice Shaw, held that the calf was an article of merchandise delivered by the defendant to the plaintiff in the ordinary course of business, either at the agreed price, or upon an implied promise of the plaintiff to allow its value in account, and that the evidence established that there was an open and mutual account between the parties, and that no part of the plaintiff's demand was barred by the Statute of Limitations. The learned Chief Justice noticed the fact that the·item constituting the account on the side of the defendant was received by the plaintiff more than six years before the action was brought, but referring to the statute he said : " By it the whole of an open and mutual account is taken out of the operation of the statute, if any transaction on either side can be proved to have been had within six years next before the action brought."

The last item in the plaintiffs' account in the case before us accrued within two years before this suit was brought. The addition of this item to the plaintiffs' side of the account increased the balance in their favor, constituting it a new balance, for the recovery of which the action was brought in due time.

Judgment affirmed.

Mr. Justice SANDERSON delivered the following concurring opinion, in which Mr. Justice SAWYER concurred :

The case of *Weatherwax* v. *The Cosumnes Valley Mill Company* is not an authority in favor of the defendant. On the contrary, the doctrine of that case, when applied to the facts of this, is conclusive of the right of the plaintiff to recover, as upon a case of reciprocal demands. In that case the plaintiff sought to avoid the bar of the statute by showing the defendant had sold him a lump of gold amalgam, which he had credited upon his account at its value. In reply the defendants claimed that they had not sold the amalgam, but, on the contrary, had delivered it to him to send, as their agent in the premises, to the Mint for coinage, and further authorized him, upon receipt of the money from the Mint, to retain the same in part payment of his account against them. The jury found the facts in favor of the defendants. The question in that case was precisely the same as in this. There the question was whether the amalgam was sold as an article of merchandise, or delivered to be applied as a payment on account. If the former, then there was a cause of action against the plaintiff and in favor of the defendant, upon which the latter could maintain an action against the former, which, in connection with the plaintiff's cause of action, made a case of reciprocal demands, or of mutual accounts; but if the latter, there was nothing upon which the defendant could maintain an action against the plaintiff, and therefore no case of mutual accounts. So in the present case, substituting the horse power for the amalgam. But there is this difference between the two cases. In the former the parties went into evidence *aliunde* the account, for the purpose of showing the precise character of the transaction as to the amalgam; but here the question does not seem to have been investigated further than it is presented on the face of the account, which of course entirely fails to show in terms whether the horse power was sold to the plaintiff or given, at an agreed value, in part payment of the plaintiff's account. In either event it would go into the

plaintiff's account as a credit, but from the mere entry in the plaintiff's account it cannot be said what the real character of the transaction was, and it not appearing by direct evidence what the nature of the transaction was—whether a sale or a payment—we are left to determine the nature of the transaction by a resort to legal presumptions. The evidence only shows a delivery of an article of merchandise at a fixed valuation. Now, the transaction may have been in fact a sale or a payment in kind, but in the absence of any evidence upon that question the legal presumption is that it was a sale and not a payment in kind. It is otherwise in the case of a delivery of money. There the presumption is that it was a payment and not a loan. So the case stands thus : To avoid the bar of the statute the plaintiff proves a delivery to him by the defendant of a horse power at a certain value, and there stops, relying upon the presumption of law that it is a sale. The defendant makes no attempt to overcome this legal presumption by direct evidence to the effect that the transaction was not a sale but a payment in property at an agreed value, but submits his case upon the evidence of the plaintiff, which, by the aid of the legal presumption stated, makes a case of mutual accounts. In order to make his defense good the defendant should have gone into the real nature of the transaction and shown that what appeared, in legal contemplation, to be a sale, was in fact a payment. Upon such a showing he would have been entitled to a verdict. For these reasons, in addition to what has been said by the Chief Justice, I concur in affirming the judgment.