WILLIAM J. ADAMS AND SAMUEL P. BLINN *v.*
WILLIAM PATTERSON *et al.*

ANSWER OF STATUTE OF LIMITATIONS.—When the complaint states a cause of action
for goods sold and delivered, and a bill of items is annexed to the same as an
exhibit, with the date of each item, an answer, which refers to the exhibit, and
avers that the last item only is within two years previous to the commencement
of the action, and that, except as to the last item, "no action has accrued to said
plaintiff by reason of the matter mentioned and set forth in said complaint, at
any time within two years next preceding the commencement of this action," is
a good answer of the Statute of Limitations to all the items except the last.

IDEM.—The words "preceding the commencement of this action" in such answer
are equivalent to the words *preceding the filing of the complaint.*

STATUTE OF LIMITATIONS ON ACCOUNT.—When the account is not a mutual one, the
Statute of Limitations bars each item of the same two years after its delivery.

MUTUAL ACCOUNTS.—Where one party is selling the other goods from time to time,
and charging the same, and the other gives him money which he credits on the
account as a payment, this credit does not make the account a mutual one within
the meaning of the eighteenth section of the Statute of Limitations.

APPEAL from the District Court, Twelfth Judicial District,
City and County of San Francisco.

On the bill of items appended to the complaint was a
credit "By cash $200," dated April 24th, 1861. All the
other items were on the debit side.

The plaintiff recovered judgment for the whole account,
and the defendant appealed.

The other facts are stated in the opinion of the Court.

*Walter Van Dyke,* for Appellant.

The plaintiff had nothing to prove, the issue being,
whether the Statute of Limitations had run as to all the
items of his account, except the last.

There are only two modes by which this action, as it
stands on the record, can be withdrawn from the operation
of the statute; one of these is provided in section eighteen,
and the other by section thirty-one of the Act. (2 Hittell's
Gen. Laws, Arts. 4,360–4,373.)

The contract sued on (Exhibit A, attached to the com-

plaint, and made part thereof) is not a mutual account within the meaning of section eighteen of our statute. The items are all on one side, save one credit of cash, and that in law is simply a payment to that extent, and in no way constitutes a matter of setoff or reciprocal demand. (*Norton et al.* v. *Larco et al.*, 30 Cal. 134.)

The case does not fall within section thirty-one.

*Patterson, Wallace, & Stow*, for Respondents.

There is no sufficient plea of the Statute of Limitations contained in the answer of the defendant. The plea recites that the *only causes of action* that have accrued to plaintiffs are *founded upon Exhibit A*, annexed to the complaint, which consists of a memorandum of lumber and materials sold. This is incorrect. The causes of action are the sale and delivery of the goods, not the mere *memorandum* of the transaction. The plea then proceeds to state, not that the causes of action set forth in the complaint did not occur within two years, but that no cause of action has accrued to plaintiff *by reason of the matters mentioned and set forth in the complaint*, etc.

The complaint contains two counts or causes of action. 1st, upon an accounting; 2d, upon an *indebitatus* assumpsit. To which one of these causes of action is this plea directed? To neither of these, nor to any cause of action alleged by plaintiff. It is only alleged, that by reason of all the matters set forth in the complaint no cause of action has arisen at any time within two years next *preceding the commencement of this action*. Now, the "commencement of this action" is *matter of law merely*. It is in law commenced for some purposes by filing the complaint merely; for other purposes it is necessary *also to issue a summons*. It should have been pleaded "next preceding the filing of the complaint in this action." If the fact were that the two years had elapsed before the summons issued, but had not elapsed before the complaint was filed, perjury could not be imputed to the appellant for swearing to this plea.

" To be available, the plea must aver the facts which bring the demand within the operation of the statute, as that the *alleged cause of action* has not accrued within certain designated years *previous to the filing of the complaint.*" (*Caulfield* v. *Sanders,* 17 Cal. 571.)

By the Court, SAWYER, C. J.:

We do not see how the judgment in this case can be sustained. There are two causes of action stated—one upon an account stated, the other for lumber sold and delivered, a bill of items with the dates of delivery and prices of the several items being appended, as Exhibit A, and made a part of the complaint, and of each count in it. The material allegations of the first cause of action were put in issue by the answer, but no proof was offered by the plaintiffs to support their claim under it, and the recovery must, therefore, have been had on the other cause.

The suit was commenced by filing a complaint on the 26th of May, 1863. All the items of lumber had been delivered more than two years prior to that date, except the last, of the value of eleven dollars and twenty cents, which was delivered on the 27th of May, 1861. The answer refers to Exhibit A, annexed to and forming part of the complaint, and avers " that the last item, or bill of lumber, only, to wit: the item of three hundred and twenty feet of flooring, sold and delivered on the 27th of May, 1861, amounting to the sum of eleven dollars and twenty cents, is within two years previous to the commencement of this action; and the said defendant alleges that, except as to the said item of flooring, amounting to eleven dollars and twenty cents, no action has accrued to said plaintiffs by reason of the matter mentioned and set forth in said complaint at any time within two years next preceding the commencement of this action," etc. We think this very clearly set up the Statute of Limitations, as to all the items sued for, except the last. The question as to the law is presented, with respect to those items, in the

form of an answer; but whether regarded as new matter set up in the answer, or as really raising the question on the complaint itself, we think it sufficiently stated.

Respondents insist, however, that because the terms "preceding *the commencement of the action*," instead of "preceding the *filing of the complaint*," are used, a conclusion of law, and not a fact, is stated; that by our statute, for all purposes except the Statute of Limitations, an action is only commenced by filing a complaint and issuing a summons thereon; and as the commencement of an action, for the purposes of the statute, is complete on the filing of the complaint, while for other purposes it is not, it should be averred that the action did not accrue within the time specified "before the filing of the complaint," instead of "the commencement of the action." We do not perceive the force of the reasoning. All through the statute the words are "commence," "commenced," "before the commencement of the action," and the like, to express the time when the bar attaches—the ultimate pleadable fact; and nothing is said about filing the complaint till we come to the twenty-first section, which provides, that "an action shall be deemed to be commenced, within the meaning of this Act, when the complaint has been filed in the proper Court." This is merely a definition of the term, "commencement of an action," as used in the Act. The fact that different acts, by express enactment, also constitute the commencement of an action for other purposes, can make no difference. The Statute of Limitations is a general law, and the matter pleaded in this instance clearly refers to the statutory bar. The formula for pleading the statute, established almost from time immemorial, is "at any time within six years next before the commencement of this suit." (Yates' Pl. 276, 428; 3 Ch. Pl. 940, 941, 956 *a*, 1,031, 1,067; 2 Ch. Pl.) At common law, an action is commenced by issuing a writ. (2 Bouv. L. Dic., title Commencement of Suit, and cases cited; *Dupuy* v. *Shear*, 29 Cal. 241.) There would be just as much reason for using the formula "before the issuing of the writ," under the common law, as "before

the filing of the complaint," under our statute. The law as to what constitutes the commencement of a suit only has been changed, and the phrase " commencement of the action," as clearly avers a fact now, as it ever did under the common law. There is nothing against this view in *Caulfield* v. *Sanders*, 17 Cal. 571. The question there was different. The Court very properly held, that " the plea must aver the facts which bring the demand within the operation of the statute;" then, by way of illustration, gives an example : " As that the alleged cause of action has not accrued within certain designated years previous to the filing of the complaint." It is not intimated that the fact would not be as well stated by the use of the term, " commencement of the action," and we apprehend our predecessors would have been very much surprised had their illustration been cited to show that no other form of expression would be good, and especially a form of expression that has stood the test of ages.

We think the statute properly set up, and there is nothing else in the record to obviate the bar as to all the items, except the last. That the case does not show a " mutual, open, and current account, where there have been reciprocal demands between the parties," within the provisions of the eighteenth section of the Statute of Limitations, is settled in *Norton* v. *Larco*, 30 Cal. 134.

The plaintiffs appear to have slept upon their rights till they are barred, and we see no alternative to a reversal of the judgment.

Judgment reversed and a new trial granted.