[No. 12384. Department One. — January 25, 1888.]

## JOHN ROCCA, APPELLANT, v. FREDERICK KLEIN, JR., RESPONDENT.

MUTUAL ACCOUNT — PAYMENT ON ACCOUNT — SET-OFF.—A payment, whether of money or of personal property of a stipulated value, made on an account and intended as a payment, and not as a set-off *pro tanto*, does not make the account mutual.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion.

*F. W. Street*, for Appellant.

The accounts in question were mutual. (*Norton* v. *Larco*, 30 Cal. 130; 89 Am. Dec. 70; *Penniman* v. *Rotch*, 3 Met. 216; *Schall* v. *Eisner*, 58 Ga. 190; *Payne* v. *Walker*, 26 Mich. 60; *Green* v. *Disbrow*, 79 N. Y. 1.)

*F. D. & G. W. Nicol*, for Respondent.

The payments made by the defendant were made as payments, and not as set-offs. The account was therefore not mutual. (*Norton* v. *Larco*, 30 Cal. 134; 89 Am. Dec. 70; *Adams* v. *Patterson*, 35 Cal. 122; *Weatherwax* v. *Cosumnes V. M. Co.*, 17 Cal. 345; Angell on Limitations, sec. 149.)

BELCHER, C. C.—This is an action to recover the sum of $387.25, balance alleged to be due plaintiff from defendant on a mutual, open, and current account.

By his answer, the defendant denied that the account between the parties was mutual, open, and current, and alleged that the plaintiff's action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

The court found against the plaintiff as to all of the account, except $43.59, which accrued within two years prior to the commencement of the action, and for which judgment was rendered in his favor.

The plaintiff moved for a new trial, and has appealed from the judgment, and from an order denying his motion.

It is admitted for the appellant that the only question presented for decision is as to whether there were reciprocal demands between the parties, making the account a mutual, open, and current account within the meaning of section 344 of the Code of Civil Procedure.

That section reads as follows:—

"In an action brought to recover a balance due upon a mutual, open, and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side."

In *Norton* v. *Larco*, 30 Cal. 126, it was held that mutual accounts are made up of matters of set-off where there is an existing debt on the one side which constitutes a credit on the other, or where there is an express or implied understanding that mutual debts shall be satisfied or set off *pro tanto* between the parties. And it was further held that a payment, whether it be of money or of an article of personal property of a stipulated value, made on an account and intended as a payment, and not as a set-off *pro tanto*, does not make an account mutual. (See also Angell on Limitations, sec. 149; *Warren* v. *Sweeney*, 4 Nev. 101; *Adams* v. *Patterson*, 35 Cal. 122.)

The plaintiff was the only witness called upon either side. He presented his account, and testified that within two years prior to the commencement of the action he had sold defendant goods and merchandise amounting to $43.59. The account showed a balance due plaintiff on the 1st of May, 1880, of $413.25, and then a large number of charges for goods sold, running down to February 13, 1886. It also showed numerous credits for money paid and for wheat, wood, hay, and work. In reference to the credits of money, plaintiff testified that the money was paid at the dates named in the account, and was deducted from the amounts then due thereon. And in reference to the other credits he testified as follows: "On May 1, 1880, I received wheat from the defendant, and gave him credit on the account for $82.22, the value of said wheat. I have accepted this wheat on account at a stated value. I did not consider that the defendant had any demand against me on account of that wheat. I took it as part payment of my account

against him. On the same date I received from him wood, for which I gave him credit for $16.75. He cut the wood, and I hauled it myself. We agreed what the value of the wood was, and I gave him credit on the account for the amount agreed upon. I then deducted these credits from the account, and that left a balance due me of $314.28 at that time. I did not consider he had any demand against me on account of this wood, and wheat.

" The next items of credit on the account were, for hauling grapes, $6; wood furnished on account, $107.25; and by hauling grapes, $10. We agreed upon the price in February, 1881; he told me to give him credit on his account for the total, which I did, deducted the credit from his account, and there was at that time a balance due of $313.87. These credits were the same as cash to me. I considered them as payments upon account. I did not consider he had any demand against me, or that he could sue me on account of the wood or for the hauling of the grapes. . . . .

" On September 20, 1883, he was given credit on his account for fifty dollars, being for hay bought by me from him. I gave him the credit on the account for fifty dollars, the same as if it had been fifty dollars in cash. I did not consider he had any demand against me on account of this hay after I had given him credit for it on his account. . . . .

" On July 9, 1884, gave defendant credit for work, five dollars. Agreed with defendant as to the value of the work, gave him credit accordingly. Struck a balance showing $355.58 due me on account.

"On July 3, 1885, gave defendant credit for work performed by him for me, three dollars, and on August 7, 1885, gave defendant credit by wood furnished by him to me, twenty-eight dollars. Deducted credits from account, and there was at that time a balance due me of $356.17. We understood that these credits were pay-

ments on account, and that he had no demand against me for the same."

From this testimony, it is very apparent that, within the rule laid down in Norton v. *Larco, supra,* the articles credited were received by the plaintiff as and were intended to be payments on his account. There were, therefore, no reciprocal demands between the parties, making the account mutual, open, and current.

It follows, in our opinion, that the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.