[Civ. No. 90. First Appellate District.—June 25, 1906.]

GEORGE COPRIVIZA, Respondent, v. MARTIN RILO-VICH and GEORGE RILOVICH, Copartners, etc., Appellants.

MUTUAL ACCOUNTS—PAYMENTS—SETOFF.—Charges upon one side and payments, whether in money or merchandise taken at a fixed value, on the other, do not constitute mutual accounts, which are made up of matters of setoff where each party has a demand or right of action against the other, though not necessarily including items of merchandise sold to each party.

ID.—STATUTE OF LIMITATIONS.—Items of an account not mutual which are more than two years old are barred by the statute of limitations, but where there is a mutual, open and current account, the de-

mand is not barred until two years after the time of the last item proved in the account on either side.

ID.—MUTUAL ACCOUNT—WHEN A QUESTION FOR JURY.—Where different conclusions may be reasonably drawn by different minds from the same evidence as to whether an account is a mutual account, the question is one for the jury.

ID.—ACTION BY BOOKKEEPER—MONEYS PAID BY DEFENDANTS TO THIRD PARTIES—SUBMISSION TO JURY—SUPPORT OF VERDICT.—In an action by a bookkeeper against the firm, which pleaded the statute of limitations, where, under the evidence, it was a question for the jury whether moneys paid by defendants to third parties for clothing for plaintiff's sister, at plaintiff's request, were intended to be payments to plaintiff, or were matters of setoff to be charged to plaintiff and credited to defendants pending the final settlement of the accounts between them, the instructions correctly submitted the question to the jury, and its verdict for the plaintiff was sufficiently supported.

ID.—DISTINCTION BETWEEN PAYMENT TO CREDITOR AND TO THIRD PARTY. The difference between a payment of money by a debtor to his creditors, and to a third party at the creditor's request, if technical, is nevertheless substantial. While in the first case it is presumed to be a payment on the debt, in the second case, though it may be a payment on the debt if the parties so agree, it may be a matter of setoff for which an action would lie.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Dickerman & Torchiana, and Lindsay & Netherton, for Appellants.

H. C. Wyckoff, for Respondent.

HALL, J.—Defendants appeal from a judgment in favor of plaintiff and from an order denying defendants' motion for a new trial.

Plaintiff sued for a balance alleged to be owing him from defendants upon a mutual, open and current account. Defendants, among other matters, pleaded the bar of the statute of limitations, and the only questions involved in this appeal concern the correctness of an instruction given by

the court upon the subject of what constitutes a mutual, open and current account, and the sufficiency of the evidence to justify the finding that the account was mutual, open and current, necessarily involved in the verdict of the jury.

The only testimony given on the trial was that of the plaintiff, from which it appears that the defendants were engaged in the business of packing and shipping fruit, and that he was employed by them as bookkeeper. He loaned the defendants two sums of money ($500 and $1,000), paid for stationery supplies various sums of money, and was allowed a salary of $60 a month, the whole aggregating over $3,000. Against this were various cash payments made to plaintiff by defendants at different periods, and three items of credit relied on by respondent as making a case of mutual account, and which we will particularly notice further on in this discussion.

Plaintiff, as the bookkeeper for defendants, kept an account with himself, in which he was credited with the money loaned and paid out for defendants, and was charged with cash paid him. Among the items in this account charged against plaintiff are the three items above referred to, and in the account as kept in defendants' ledger by plaintiff they do not appear to be anything but cash payments.

Plaintiff also kept a private or personal account of his own of his transactions with defendants in all respects similar to the account kept in defendants' books, except that the three items relied on to sustain the finding of a mutual account are entered as follows:

> "1900.   Aug. 4, $46.35 sister's clothes, cash
>         $5.00 .............................$51.35
>         Oct. 12, hat, dress made............ 13.00
>         Nov. 15, sister's waist............. 3.00"

In regard to the item for $13, plaintiff testified: "My sister came out here, and I told Mrs. Martin Rilovich to go with my sister to the dressmaker's to fit her with a dress; she bought her something else that day; it was the hat. The Rilovich Bros. paid $13.00 to the dressmaker and for my sister's hat. They paid for the hat and I charged myself with it. Martin Rilovich told me they bought $13 worth for my sister for the dress and hat. I requested Martin Rilovich to pay it, and told him to tell me how much it is so I will charge it to myself." As to the item "Sister's waist

$3.00," he said: "My sister went to the store, and Rilovich Bros. paid for it, and told me to charge myself with it, and so I did." He also said that the item of "$46.45 sister's clothes" was a similar transaction. On cross-examination he testified that he told them (Rilovich Bros.) to buy all the clothes his sister needed, and whenever they spent anything to tell him, and he would put it down and charge it to his account. That at his request they paid $13 for a hat and dress for his sister. "The $46.35 item was a similar transaction. . . . All the other items in the account credited to me or charged against Rilovich Brothers are for cash which they paid me from time to time on account."

Under this state of the evidence the court, after giving certain instructions requested by defendants, charged the jury as follows: "But if you believe from the evidence that there are credits on the account which are not payments to plaintiff but are moneys advanced by defendants to third parties at the request of plaintiff, and upon which demands arose in favor of defendants and against plaintiff, and these moneys so advanced were credited on the account, then I charge you that the account between plaintiff and defendants is a mutual, open and current account, and the plaintiff's demand would not be barred by the statute of limitations until two years after the time of the last item proved in the account on either side."

The jury found a verdict for plaintiff in the amount prayed for, and thus must have found that the account was a mutual, open and current account, for otherwise a large portion of the account would have been barred.

The real question in controversy was as to whether the three items of credits above referred to constituted payments, or were matters of setoff or counter-demands upon which an action would lie against plaintiff in favor of defendants.

Charges upon one side and mere payments upon the other do not make an account a mutual account. And payments need not be made in money only, but may be made in merchandise where by agreement the same is taken at a fixed value as payment. Mutual accounts are made up of matters of setoff where each party has a demand or right of action against the other. (*Norton* v. *Larco*, 30 Cal. 127, [89 Am. Dec. 70]; *Millet* v. *Bradbury*, 109 Cal. 170, [41 Pac. 865]; *Ross* v. *Ross*, 6 Hun, 80.) It is not necessary, to support a

mutual account, that there be items of merchandise sold to each party. In *Toponce* v. *Corinne etc. Co.*, 6 Utah, 439, [24 Pac. 534], there were demands on plaintiff's side for services rendered and money paid out, and on defendant's side demands for money received on sales of livestock, money loaned, paid out and expended for plaintiff, and it was held a mutual account and not barred. (See, also, *Corrine* v. *Toponce*, 152 U. S. 405, [14 Sup. Ct. 632].)

Where different conclusions may be reasonably drawn by different minds from the same evidence as to whether an account is a mutual account, the question is one for the jury. (Abbott's Civil Trial Evidence, 386; *Gunn* v. *Gunn*, 74 Ga. 555, [58 Am. Rep. 447].) In the case at bar it may be conceded for the purposes of this decision that the evidence would support a finding that the three items above referred to were matters of payment simply. But, on the other hand, we do not think that the evidence necessarily establishes the proposition that these three items of credit were payments simply, and not matters of setoff upon which a demand arose against plaintiff, in favor of defendants. It may be fairly urged that the evidence discloses not three items of payment to plaintiff, but rather three items of money paid at his request for which demands at once arose in favor of defendants and against plaintiff. The word "payment" was never used by either party to the transactions. The effect of the evidence may be fairly said to be that the plaintiff authorized the purchase of goods for his sister on his account, and requested defendants to pay for the same for him. This in connection with the testimony that the items were entered in the accounts kept by each party would make the account a mutual account.

The difference between a payment of money by a debtor to his creditor, and the payment of money by a debtor to a third party at the request of the creditor, may be technical, but it is nevertheless substantial. While in the first case it is presumed to be a payment on the debt, in the second case it may be a payment on the debt if the parties so agree, or it may be a matter of setoff for which an action would lie.

Under the evidence in this case it was for the jury to determine what was intended by the parties—whether the moneys paid to third parties for clothing for plaintiff's sister were intended to be payments to plaintiff, or were matters

of setoff to be charged to plaintiff and credited to defendants pending the final settlement of the account.

We are therefore of opinion that the court in its instructions correctly submitted the question to the jury and that there was sufficient evidence to warrant the verdict of the jury.

The judgment and order are affirmed.

Cooper, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court. after judgment in the district court of appeal, was denied by the supreme court on August 23, 1906.