[S. F. No. 8379. In Bank.—December 26, 1919.]

ARMENIA CARTER, as Executrix, etc., Respondent, v. D. J. CANTY, Appellant.

[1] PLEADING — COMMON COUNTS — ACTION ON ACCOUNT.—Common counts may be used to state a cause of action for a balance due upon a mutual, open, and current account, notwithstanding the requirement of the code that the complaint shall contain a plain and concise statement of the facts constituting the cause of action.

[2] APPEAL—FINDING—INSUFFICIENCY OF EVIDENCE—SPECIFICATION.— The question of the sufficiency of the evidence to sustain the find-

ings cannot be considered on appeal from a judgment where the bill of exceptions relied on contains no specification of insufficiency of evidence to support a finding.

[3] NONSUIT—REVIEW ON APPEAL FROM JUDGMENT—ERROR OF LAW—SUFFICIENCY OF EVIDENCE.—An order granting or denying a nonsuit is by virtue of section 647 of the Code of Civil Procedure deemed to have been excepted to, and the ruling may be reviewed on appeal from the judgment as an error of law upon any ground precisely and specifically stated in the motion for nonsuit, notwithstanding such review may involve a question of the sufficiency of evidence to make a *prima facie* case for the plaintiff.

[4] ID.—DENIAL OF NONSUIT—INTRODUCTION OF EVIDENCE—RIGHT TO REVIEW RULING.—An error in denying a motion for nonsuit is not waived by a defendant solely by reason of the fact that after such denial he introduces evidence in defense.

[5] ACTION ON ACCOUNT—ADMISSION OF INDEBTEDNESS IN CERTAIN AMOUNT—STATUTE OF LIMITATIONS—LACK OF ESTOPPEL.—In an action for a balance due upon a mutual, open, and current account for services rendered, money paid out and expended and money advanced, the defendant is not estopped by his admission of an indebtedness in a certain amount from asserting the affirmative defense of the statute of limitations.

[6] NONSUIT—CONSIDERATION OF EVIDENCE.—On a motion for nonsuit, the evidence and every inference that may be fairly drawn from it, must be viewed in the light most favorable to the plaintiff's claim.

[7] ACCOUNT—CHARGES AND PAYMENTS—NATURE OF.—An account consisting of items of charges on one side and payments merely on the other is not a "mutual" account.

[8] ID.—ACTION FOR BALANCE DUE ON MUTUAL ACCOUNT—EVIDENCE—NONSUIT—STATUTE OF LIMITATIONS.—In this action to recover a balance claimed to be due for legal services and for costs paid out by plaintiff's testate for and on behalf of defendant, wherein the plaintiff stated her cause of action in two separate counts, each in the form of a common count, the first being for a balance due upon a mutual, open, and current account, and the second being for a balance due upon a mutual, open, and current book account, it is held the motion for nonsuit should have been granted as the evidence clearly showed that there was no mutual account, and that her cause of action was barred by the statute of limitations, there being no item of charges within two years prior to the commencement of the action.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Donahue, Judge. Reversed.

The facts are stated in the opinion of the court.

R. B. Tappan and F. A. Berlin for Appellant.

De Lancey C. Smith, J. G. De Forest and Royle A. Carter for Respondent.

THE COURT.—This is an action brought by plaintiff, as executrix of the will of her husband, Stanton L. Carter, by which she seeks to recover from defendant a balance claimed to be due for legal services rendered by said Carter to defendant, and for costs paid out by Carter for and on behalf of defendant. The case was tried before the court without a jury, and judgment was given in favor of plaintiff for $1,696.30 with interest. Defendant appeals from such judgment.

In her complaint plaintiff stated her cause of action in two separate counts, each in the form of a common count, the first being for a balance due upon a mutual, open, and current account for services rendered and money paid out and expended and money advanced in the sum of $2,395.20 less $156 paid; and the second being for a balance due upon a mutual, open, and current *book* account, for such sum. The judgment was given upon the first count. By his answer, in so far as the first count is concerned, defendant denied any indebtedness in excess of the sum of one thousand dollars, failed to deny that any sum due was due upon a mutual, open, and current account, alleged payment of all amounts due "excepting only the sum of $1,000.00," and set up as affirmative defenses that the cause of action was barred by subdivision 1 of section 339, of the Code of Civil Procedure, and subdivision 2, section 337, of the Code of Civil Procedure. The trial court found in accord with the allegations of the complaint, except that it found the amount of indebtedness to be $1,852.30 instead of $2,395.30, as alleged, and further found that it was not true or a fact that the cause of action was barred by subdivision 1 of section 339, of the Code of Civil Procedure, or subdivision 2, section 337, of the Code of Civil Procedure.

The record on appeal consists of the judgment-roll and a bill of exceptions.

[1] It is settled in this state that the common counts may be used to state such a cause of action as is here involved, notwithstanding the requirement of our Code of

Civil Procedure (section 426), that the complaint shall contain a plain and concise statement of the facts constituting the cause of action. (See *Pleasant* v. *Samuels,* 114 Cal. 34, 37, [45 Pac. 998]; *McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761]; *Minor* v. *Baldridge,* 123 Cal. 187, [55 Pac. 783].) The findings of the trial court in regard to indebtedness are substantially in accord with the allegations of the complaint except as to amount and were findings of fact, and not mere conclusions of law as claimed by appellant. So, also, were the findings of the court on the defense of the statute of limitations. None of these findings was attacked in the bill of exceptions by specification of insufficiency of evidence, the bill of exceptions being absolutely barren of any suggestion that either the decision or any particular finding of fact embraced therein is not sustained by the evidence. [2] It is thoroughly settled by our decisions that, in view of our statutes, the question of the sufficiency of the evidence to sustain the findings cannot be considered on appeal from a judgment where the bill of exceptions relied on contains no specification of insufficiency of evidence to support a finding. (See *Millar* v. *Millar,* 175 Cal. 797, [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394].) This court has been exceedingly liberal in determining whether attempted specifications sufficiently comply with the requirements of the law, but here there is not even the suggestion of an attempt to make any specification. The law in this regard, which is contained in section 648 of the Code of Civil Procedure, has not been changed by recent amendments of other sections. It follows that we are not at liberty to consider any claim that any finding is not sufficiently supported by the evidence.

At the conclusion of plaintiff's case defendant made a motion for a nonsuit, and this motion was denied. [3] An order granting or denying a nonsuit is, by virtue of our statute, deemed to have been excepted to. (Code Civ. Proc., sec. 647.) An exception to this ruling was also expressly reserved. Undoubtedly this ruling may be reviewed upon this appeal as an error of law, upon any ground precisely and specifically stated in the motion for nonsuit (see *Martin* v. *Southern Pacific Co.,* 150 Cal. 124, 131, [88 Pac. 701]), notwithstanding that such review may

involve a question of the sufficiency of evidence to make a *prima facie* case for a plaintiff. Plaintiff claims that inasmuch as defendant proceeded with his case after denial of the motion and introduced evidence, such ruling will not be reviewed, the theory being that under such circumstances the only question is whether the evidence actually given by both parties was such as to sufficiently support the findings, and there being no specification of insufficiency of evidence that question cannot be considered. [4] An error in denying a motion for a nonsuit is not waived by a defendant solely by reason of the fact that after such denial he introduces evidence in defense. The rule enunciated by our decisions in this respect is substantially simply to the effect that the order denying the motion will not be disturbed although at the time such order was made it was well based, *if the defect is overcome by evidence subsequently introduced.* In other words: "If all the evidence given on the trial by both plaintiffs and defendant, considered together, sufficiently supports the verdict, the order denying the motion for a nonsuit will not be disturbed however weak the case may have been at the time plaintiff closed his evidence." (*Lowe* v. *San Francisco etc. Ry. Co.,* 154 Cal. 576, [98 Pac. 678].) This does not mean, however, that the ruling on the motion for nonsuit may not be considered on an appeal where, after denial of the motion, the defendant has introduced evidence. The situation described in the foregoing quotation accomplishes no more than to establish that the error in denying the motion for nonsuit was without substantial prejudice, and it devolves on the plaintiff to show that such a situation exists. Of course, we will always consider any claim that a defect was supplied by evidence subsequently introduced, and if we find such claim well based, disregard the error in denying the motion. Here it is not suggested that any alleged defect was so supplied. By reason of his failure to specify particulars wherein the evidence fails to support the findings defendant is vitally interested in having the alleged error in the ruling on motion for nonsuit reviewed, and we are satisfied he is not precluded from so doing.

The substantial question arising in the matter of the denial of the motion for nonsuit is on the defense of the statute of limitations, which defendant claims was estab-

lished by the evidence introduced by plaintiff. Defendant by his answer did substantially admit an indebtedness of one thousand dollars, and appears throughout his answer to both counts to have been most particular to make it plain that his denial of indebtedness was limited to any indebtedness exceeding one thousand dollars. Clearly he was not entitled to a nonsuit on any ground of want of proof of indebtedness. He also apparently failed to deny that in so far as the admitted indebtedness was concerned it was upon "a mutual, open and current account." The case was, however, tried upon the theory that its character as to being a mutual account or not was in issue, and it was upon the theory that it was not a mutual account that the defense of the statute of limitations was mainly based. If it was not a mutual account the claim of plaintiff was wholly barred. [5] Defendant was not estopped by his admission of indebtedness from asserting his affirmative defense of the statute of limitations, for there is nothing inconsistent between the admission of indebtedness and such affirmative defense. It is elementary law 'that the statute of limitations does not extinguish a debt, but simply operates· to bar a recovery thereon. Nor do we think it may fairly be held that there was any such admission in the answer as to preclude defendant from showing, in support of this defense,· that the account was not a mutual account. There was no express admission as to the character of the account, but simply a failure to expressly deny, and the allegation of payment of all sums excepting the sum of one thousand dollars, said "whether said sums were due upon a mutual, open and current account, or for services rendered, or for money paid out or expended, or for money advanced, or in any otherwise."

The deceased, Stanton L. Carter, died December 31, 1910, and this action was commenced within four years thereafter, viz., on December 23, 1914. The evidence introduced by plaintiff showed that for some six years immediately preceding his death Mr. Carter had been acting as the attorney for defendant in various matters of litigation, some of which were still pending at the time of his death, and that there was then an unsettled account between them, consisting on Mr. Carter's side· of claims for legal services and money advanced by him for costs. There was no formal

general book account kept by Mr. Carter showing all his transactions with defendant, the various entries so far as made, with one exception, being made on sheets of paper constituting a "loose leaf ledger account" with relation to specific matters of litigation, the entries as to each matter being on the sheet devoted to that matter, and some of the charges made for services not having been actually entered on any account until after Mr. Carter's death. The one exception noted was that one of these leaves contained what was called a general account, which included some few of the matters relied on. But, as said in *Millet v. Bradbury*, 109 Cal. 173, [41 Pac. 866], with relation to a mutual account: "It is immaterial whether the account of these transactions is kept by one or both of the parties, nor is the form in which the account is kept material. 'The particular mode of keeping the account, whether on book or loose scraps of paper, or without any written charges, or whether it is all kept in one shape or in different forms. . . . is unimportant. If all the items in the expectation of the parties have reference to, and are to be adjusted in, one accounting, it may be considered as one transaction, so far as the statute of limitations is concerned.'" Upon Mr. Carter's side, as has been noted, there were the charges for money advanced for costs, etc., of litigation and for legal services. [6] Bearing in mind the well-settled rule that on a motion for a nonsuit, the evidence, and every inference that may be fairly drawn from it, must be viewed in the light most favorable to the plaintiff's claim (*Rauer v. Hertweck*, 175 Cal. 280, [165 Pac. 946]), it must be held further that the evidence sufficiently showed a valid claim accruing as of the date of death of Mr. Carter (December 31, 1910) for legal services rendered to that date in cases still pending and in which he was still acting as Mr. Canty's attorney. There were some such cases, and altogether regardless of what constituted a proper charge in the various cases, the amount actually charged or some much smaller amount, and also regardless of when the actual entry of charge was made, or even not made at all, such claims were part of the account, becoming such on the date of Mr. Carter's death, December 31, 1910. So that if the account was a "mutual" account, the date of the last item must be regarded as December 31, 1910, and the action was

not barred, the statute prescribing four years on such an account where it is still open and current (Code Civ. Proc., sec. 337), and providing that "the cause of action is deemed to have accrued from the time of the last item proved in the account on either side" (Code Civ. Proc., sec. 344).

On Mr. Canty's side the account, with two possible exceptions, consisted solely of payments by him to Mr. Carter the last of these payments being one of one hundred dollars on the day of his death or the day before. [7] As it is universally recognized that an account consisting of items of charges on one side and *payments merely* on the other is not a "mutual" account (see *Norton v. Larco*, 30 Cal. 126, [89 Am. Dec. 70]; *Rocco v. Klein*, 74 Cal. 526, [16 Pac. 323]; *Santa Rosa Bank v. Barnett*, 125 Cal. 407, [58 Pac. 85]; 1 Corpus Juris, 598), plaintiff is compelled to rely upon the two possible exceptions as giving to the account the character of a mutual account embracing reciprocal demands, and this claim presents the principal question in the case. As to these we are satisfied that there was nothing in the evidence from which it could fairly be inferred that they were anything more than *mere payments* on account, and were so regarded and intended by the parties.

The first of these was a credit of $38.25, of date August 10, 1907. As to this the written evidence was a loose ledger leaf showing debits and credits in the case of *Canty v. Englund,* in which Mr. Carter was Canty's attorney. On the debit side thereof were charges for money paid out by Carter in the case, aggregating $86.75, and the credit side, "Cr. by cash coll. on judg." $125. The debit side was posted to show, with an item "Cr. balance $38.25," a total of $125, to correspond with the total on the other side. Underneath the postings and on the credit side was entered, "Aug. 10. Credit to Canty by balance $38.25." The only other evidence as to this was given by Mr. Royle A. Carter. He said that the money was collected August 10, 1907. He further said: "My father notified Mr. Canty that there was $38.25 to his credit. He told me *to apply it on his account.* Canty told me about it after my father's death. He told me that the amount of credit due him in that case *had been applied on account* of my father's account. *That*

*was applied in 1907,* August 10th.'' We have here an attorney attending to various law matters for a client, and advancing moneys for costs therein, and a client whose only apparent dealings in a business way with his attorney were to pay him for his services and advances. As a result of a certain piece of litigation there remains in the attorney's hands after payment of costs thereof, $38.25. When the attorney notifies the client that he has in his hands this sum of money belonging to the latter, it is agreed that "it," i. e., that sum of money, shall be applied on his, the client's account, meaning, of course, on the indebtedness due from the client to the attorney. The sum is actually applied on the written account in the manner already described. To our minds no inference may reasonably be drawn from this situation other than that this transaction was mutually intended to operate as *payment pro tanto* of the indebtedness of Canty to Carter, leaving Canty without any demand or right of action for the money. If this be so it could not have the effect, in view of our own decisions, and the overwhelming weight of authority elsewhere, to give to the account the character of a "mutual" account, one where there are reciprocal demands between the parties. Much reliance is placed by learned counsel for plaintiff upon the case of *Copriviza* v. *Rilovich,* 4 Cal. App. 26, [87 Pac. 398]. In the opinion in that case the district court of appeal fully recognized the law to be as we have stated it, but concluded that it could not be held that there was not sufficient evidence to sustain a conclusion that certain moneys advanced by the defendant to third parties at the request of the plaintiff were not intended as payments, although the facts were such that the decision might well be the other way. We have no disposition to here question the correctness of the conclusion reached in that case, but it certainly goes to the border line, and the case is distinguishable in its material facts from this case.

The second item relied on was one in the general account, which consisted on the debit side of certain charges for services and some small items of expenditure, aggregating in all (to and including February 1, 1910) $220.11, and on the credit side of the account, to and including December 31, 1910, of the following: "July 11, 1910, Cr. Cash coll. Rent Land 40," and "Dec. 31, Cash 2 cks, $100," being

the credit for the check or checks for one hundred dollars delivered on the day of Mr. Carter's death or the day before. The item of July 11, 1910, is the one relied on by plaintiff. It appears to be conceded by the briefs of both parties that the circumstances of the application of this credit were the same as in the case of the $38.25 item, and the same conclusion must be reached in regard thereto.

There were two certain credits to Canty of dates subsequent to Carter's death, being $40 collected for rent, and $116 in settlement of a case in 1912 and 1913. These credits cannot be held to affect the question of the mutuality of this account, which must be determined by the situation as it existed at the time of Mr. Carter's death. In addition to this, the testimony of Mr. Royle A. Carter shows that these sums so collected were applied in the same way precisely as was the $38.25.

[8] In view of what we have said, it follows that it must be held that the evidence of plaintiff clearly showed that there was no mutual account, and that her cause of action was therefore barred by the statute of limitations, no item of his charges being within two years prior to the commencement of his action (Code Civ. Proc., sec. 339). It follows that the motion for nonsuit should have been granted.

The judgment is reversed.

Angellotti, C. J., Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., and Olney, J., concurred.