[Civ. No. 4798.   Second Appellate District, Division One.—June 29, 1925.]

## W. B. SCARBOROUGH COMPANY (a Corporation), Respondent, v. KATE COLVER et al., Appellants.

[1] MONEY HAD AND RECEIVED—COLLECTIONS OF RENTS—TERMINATION OF EMPLOYMENT—EVIDENCE.—In this action for money had and received through the collection of rents from a certain apartment house which had formerly been owned by defendants, but which had been acquired by plaintiff at a trustee's sale under a deed of trust, the trial court did not commit error in admitting in evidence a written notice from plaintiff to defendants that the arrangement whereby the latter were managing the property and collecting the rents was terminated and ended, and notifying defendants not to collect any further rents or lease or rent any of

the apartments, where the moneys sued for represented rentals collected after the date of said notice.

[2] ID.—ISSUES—FINDINGS.—In such action, the complaint being upon a common count and the answer being a general denial, the findings that "within one year last past . . . the defendants . . . became and are now indebted to the plaintiff" in a specified sum "for money had and received by the said defendants and each of them for the benefit of the plaintiff; that no part of said indebtedness has been paid," were findings of fact, and not mere conclusions of law, and were sufficient.

[3] ID.—FAILURE TO ACCOUNT FOR RENTS—PLEADING.—Where the defendants collected the rents from plaintiff's property and made no accounting thereof to plaintiff, an action by plaintiff against defendants lies for money had and received.

---

(1) 2 C. J., p. 538, n. 24. (2) 38 Cyc., p. 1980, n. 54. (3) 2 C. J., p. 891, n. 54 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Fleming, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Morse, Jr., Arthur Lasher and J. W. Hocker for Appellants.

Scarborough & Bowen for Respondent.

HOUSER, J.—So far as is deemed material to this appeal, the facts herein appear to be as follows:

On April 24, 1913, defendants executed a trust deed conveying certain real property (on which was erected an apartment house) to a trustee for the purpose of securing a loan made by the plaintiff to defendants, which trust deed contained the usual provision that in case of default in the payment of either the interest or the principal, upon giving notice as provided in said trust deed, the trustee was empowered to sell the property. Contemporaneously with the execution of the trust deed, the plaintiff and defendants entered into a written agreement which, among other things, contained a provision that defendants were "to turn over the

2.  See 24 Cal. Jur. 985.
3.  See 17 Cal. Jur. 610; 2 R. C. L. 778.

entire income from the apartment house on the property to the plaintiff, and out of the income the plaintiff to pay the interest on a prior trust deed, and insurance premiums, and the balance of the income to be applied on the principal of the second deed of trust executed therewith.''

Defendants failed to pay the indebtedness secured by the deed of trust as therein provided, and on November 24, 1917, the trustee sold the said property. At such sale the plaintiff became the purchaser of the property, and the trustee thereupon executed a deed therefor to the plaintiff. During all the time after the execution of the trust deed, and up to the time of the sale of the property by the trustee, defendants were in possession of said property and were operating the same as an apartment house.

The evidence admits of the conclusion that after the date of the sale of the property the plaintiff employed defendants to remain thereon and to operate the same, with the understanding that defendants were to account to the plaintiff for the rents received. On March 20, 1923, the plaintiff served on defendants a written notice which, among other things, in effect terminated the arrangements theretofore existing between the plaintiff and defendants and canceled the authority of defendants to thereafter collect rents from tenants for the use and occupation of any of the apartments or rooms in said apartment house. Notwithstanding such notice, and during the months of April, May, June and July, 1923, defendants actually collected and received rents from the tenants in the rooms or apartments of said apartment house aggregating the sum of $2,715. No part of the sum so collected having been paid to the plaintiff, the action at bar was brought for money had and received, the complaint alleging: ''That within one year last past the defendants, Kate Colver and Fred Colver, and each of them, became and are now indebted in the plaintiff in the sum of Two Thousand Dollars ($2,000.00) for money had and received by the said defendants, and each of them, for the benefit of the plaintiff, and no part of which sum has been paid.'' Defendants' answer is a denial that they are indebted to the plaintiff in any amount whatsoever.

Judgment was rendered in favor of the plaintiff for the sum of $2,000, and defendants appeal therefrom.

[1]   Appellants' first specification of error is that, over defendants' objection, the court erred in admitting evidence of the "notice" given by the plaintiff to defendants terminating the right of defendants to collect rents from the tenants of the apartment house.   The "notice" was as follows:

"Los Angeles, California, March 20, 1923.
"Kate Colver and Fred Colver:

"You are hereby notified that the employment and arrangement heretofore existing between you and this company for the management and operation of that certain property known as the Colver Apartments and the house adjoining thereto, both being situated on Lots 1 and 2, Tract No. 2059, in the City of Los Angeles, for the collection of the rents from the tenants in said property, is hereby terminated and ended, and that you have no further authority to rent any of said apartments nor to collect any of the rents due from the tenants therein, and you are hereby notified not to collect any such rents, nor to lease or rent any of said apartments, nor to have anything further to do in the management of said property.

"You are further notified that your use and occupancy of an apartment in said property is hereby terminated and ended, and the undersigned demands that you vacate said premises and remove therefrom on or before April 1, 1923; and if you occupy said apartment on and after April 1, 1923, you will be charged a rent of $75 per month payable monthly in advance on the first day of each and every month beginning April 1, 1923; and if said rent be not paid at the time it is due, proceedings will be taken to recover said premises from you."

Appellants urge that the "notice" could not have been considered as a rescission of the agreement which was entered into between the interested parties contemporaneously with the execution of the trust deed, and which agreement provided, among other things, for the method to be employed in the payment of interest, insurance premiums on the buildings on the property, and the balance on the principal of the obligation secured by the deed of trust.   But at the time when the action was tried in the lower court it was not claimed by the plaintiff, nor is it here suggested by the respondent, that the "notice" constituted a rescission of the

agreement. According to the record, the plaintiff's purpose in introducing the "notice" in evidence was to show the termination of the arrangement or relation, if any, that had theretofore existed between the parties. So considered, it is clear that no error was committed by the trial court in admitting the "notice" in evidence.

[2] The next alleged prejudicial error of which complaint is made is that the trial court erred in failing to make proper findings of fact—"the complaint being upon a common count and the answer being a general denial." So far as affects the point which is thus raised by appellants, the findings are: "That within one year last past . . . the defendants . . . became and are now indebted to the plaintiff herein in the sum of $2,000 for money had and received by the said defendants and each of them for the benefit of the plaintiff; that no part of said indebtedness has been paid." It will thus be noticed that the findings substantially follow the allegations of the complaint.

In the case of *McCarthy* v. *Brown,* 113 Cal. 15 [45 Pac. 14], where the authorities are reviewed, it is held that findings which follow the pleadings in the statement of ultimate facts are sufficient. The same conclusion is reached by the court in the case of *Dam* v. *Zink,* 112 Cal. 91 [44 Pac. 331], where it is said that "if facts are stated in the findings in the same way in which they are stated in the pleadings, they are sufficient."

In the case of *Carter* v. *Canty,* 181 Cal. 749 [186 Pac. 346], plaintiff brought an action in the form of a common count against the defendant on account of legal services performed and costs advanced. Judgment went for the plaintiff, and the findings followed the allegations of the complaint. An appeal was taken from the judgment, and in the course of the opinion, after stating that the common counts may be used to state such a cause of action as was there involved, notwithstanding the requirement of the Code of Civil Procedure (sec. 426) that the complaint must contain a plain and concise statement of the facts constituting the cause of action (citing cases), the court said: "The findings of the trial court in regard to indebtedness are substantially in accord with the allegations of the complaint except as to amount and were findings of fact, and not mere conclusions of law as claimed by appellant."

The further criticisms by appellants that the findings are not sufficient to support the conclusions of law in that the findings are but conclusions of law, and that the judgment is not supported by sufficient or any findings of fact, are fully answered to the contrary of their contentions by the decisions of the courts of this state contained in the cases just cited.

[3] The point is advanced by appellants that the judgment is contrary to law in that whatever indebtedness, if any, was owing by defendants to the plaintiff was the result of an express contract existing between the parties, and that an action for money had and received cannot be maintained on that account. The evidence, however, at least justified the conclusion on the part of the trial court that the facts were otherwise than as claimed by appellants. The precise question, therefore, submitted by appellants becomes unnecessary of decision. It may be true that in its inception, as shown by the written agreement between the parties with reference to the occupancy of the premises by defendants and the payment by them to the plaintiff of the income arising from the operation of the apartment house, a relationship arising from the operation of an express contract existed between the parties thereto. But on the sale of the property under the provisions of the trust deed, the contractual relations which theretofore may have obtained between the parties came to an end, and in place thereof, as testified to by one of the witnesses in the case, a new "arrangement" was orally entered into whereby, under certain conditions, possession of the property was to remain in defendants as agents of the plaintiff and the plaintiff was to have the income derived from the rentals received from the tenants of the apartment house. The evidence also is sufficient to warrant the inference that by reason of the "notice" to which reference heretofore has been had, the said oral "arrangement" was abrogated. Thereafter, in the absence of any subsequent agreement between the parties, whatever was done by defendants in the way of collecting rents from the tenants in the apartment house was at least not by virtue of the existence of any express contract relating thereto. Assuming the fact as admitted by appellants, that they did collect such rents and for which no accounting was made to the plaintiff, it is incontrovertible as a matter

of law, and for which principle no authority is needed, that an action by the plaintiff against defendants would lie for money had and received.

The judgment should be affirmed. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1925.

Houser, J., *pro tem.*, did not participate.