[Civ. No. 44. Fourth Appellate District.—April 22, 1930.]

## A. L. WISSBURG, Respondent, v. EMMA DEWEY LOCKWOOD, Appellant.

Wm. K. Brown and Edward J. Kelly for Appellant.

Adam Thompson, Renwick Thompson and Gordon Thompson for Respondent.

OWEN, J., *pro tem.*—The plaintiff instituted suit against the defendant for the sum of $4,750 for services performed as an attorney at law. Two causes of action were contained in the complaint. First, that the agreed price of said services was $5,000, and that $250 had been paid. Second, that the services were reasonably worth the sum of $5,000, and that $250 had been paid.

The defendant's answer denied the allegations of both counts of the complaint and set up affirmatively and by way of cross-complaint an allegation of damage to her in the sum of $25,000, by reason of the plaintiff's failure to carry out, and his violation of, an agreement wherein plaintiff as her attorney, was authorized to effect a settlement of certain claims and demands defendant held against a third person.

The trial court awarded the plaintiff the sum of $3,230, after deducting all sums paid, as the reasonable value of plaintiff's services, and found against the defendant on all of the allegations of her cross-complaint.

The transcript on appeal contains 708 pages, all but 33 pages of which are called a bill of exceptions. There is no attempt anywhere in this voluminous bill of exceptions to set forth any specifications of the insufficiency of the evidence to support the findings. While we have examined the record and find substantial evidence to justify the decision of the trial court, we are confronted with the fact that the requirements of section 648 of the Code of Civil Procedure were ignored in the preparation of the bill of exceptions, and the decision of this court must rest on the latter ground.

"The question of the sufficiency of the evidence to sustain the findings cannot be considered on appeal from the judgment where the bill of exceptions relied on contain no specifications of the insufficiency of the evidence." (*Millar* v. *Millar*, 175 Cal. 799 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 494, 495]; *Beeson* v. *Schloss*, 183 Cal. 618 [192 Pac. 292]; *Mills* v. *Brady*, 158 Cal. 317 [196 Pac. 776]; *Carter* v. *Canty*, 181 Cal. 749 [186 Pac. 346].)

The judgment is affirmed.

Barnard, Acting P. J., and Marks, J., concurred.