[L. A. No. 4116. Department Two.—January 23, 1918.]

## W. E. PEDLEY, Respondent, v. JAMES J. DOYLE, Appellant.

ACCOUNT—OPEN MUTUAL ACCOUNT—VALUE OF USE AND OCCUPATION OF LAND AS AN ITEM—PLEADING AND PROOF.—In an action on an open mutual account, the fact that the total averred indebtedness of the defendant is based on a *quantum meruit* for the value of the use and occupation of certain land, and that the balance due from the defendant to the plaintiff could not be struck until the value of such use was determined, does not make the existence of an open mutual account impossible.

ID.—ASSIGNMENT OF CAUSE OF ACTION.—A mutual, open, and current account is property, and the original owner has the undoubted right to sell and transfer the same, and such assignment does not destroy the mutuality of the account.

ID.—EVIDENCE — VALUE OF USE AND OCCUPATION PROPER TO BE SHOWN ON REDIRECT EXAMINATION.—Where in an action on an open mutual account one item of which consisted of the value of the use and occupation by defendant of land, a witness for plaintiff had testified that from his knowledge of values and conditions he would fix $15 an acre per annum as a fair rental value, and on cross-examination he had stated that he based his estimate on the thought that land in the neighborhood had been rented to a certain class of gardeners at that rent or possibly more, it was not error to permit him on redirect examination to testify to his personal knowledge that a higher rental than $15 an acre had been obtained from some of the gardeners of that class.

APPEAL from an order of the Superior Court of San Bernardino County, denying a motion for a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Daley & Byrne, and Fred A. Wilson, for Appellant.

Geo. H. Johnson, R. E. Bledsoe, and Curtis & McNabb, for Respondent.

MELVIN, J.—This is an appeal by defendant from an order denying his motion for a new trial.

There is no great difference in the contentions of the litigants regarding the essential facts, but there is a wide diversity of opinion upon questions of law.

That defendant entered into possession of a tract of land then belonging to the Corona Water Company on February 1, 1902, and remained in occupancy of said property until May 13, 1913, is undisputed, and there is no doubt that during that time defendant made payments of money, furnished lumber for a building on the land, paid for capping a well, paid taxes, and expended money otherwise on behalf of the landlord.

The amended complaint was originally in two counts, but the cause was finally tried upon that which charged the primary indebtedness of defendant to plaintiff to be based upon the reasonable value of the premises for the years during which James J. Doyle occupied the land. Plaintiff sued as

the alleged assignee and successor of the Corona Water Company. By the complaint the reasonable worth of the right of occupancy which the defendant had enjoyed was alleged to be $6,795, and it was further alleged that at various times during his tenancy defendant had furnished lumber and building materials and pasturage, had performed certain services, and had paid various sums of money for and at the request of plaintiff or his assignor, for all of which the Corona Water Company and the plaintiff, as its assignee, had agreed to allow defendant "what the same were reasonably worth as matters of setoff against the reasonable value of the use and occupation of said real property." The reasonable value of these credits was alleged to be $2,720, leaving a balance of $4,075, which, as plaintiff averred, was "a balance due under an open, mutual, and current account." In traversing these allegations defendant denied that he furnished services, paid money, etc., to the Corona Water Company, or to plaintiff, as its assignee, but admitted that at various times between the first day of February, 1902, and the thirteenth day of May, 1913, he "furnished lumber, building materials, and pasturage, performed certain services, and paid various sums of money, and rented and hired horses, mules, and other animals to plaintiff, at the request of, for and on behalf of, and to said plaintiff." He also admitted "that the said plaintiff agreed to pay and allow defendant what all of said last-mentioned payments, services, and acts of the defendant were reasonably worth as matters of setoff against the reasonable value of the use and occupation of said property," but fixed the value of these items at $2,823, and denied that the amount set forth in the complaint, or any other sum of money, was a balance due under an open, mutual, or current account. The answer contained these further allegations: "The reasonable value of the use and occupation of said real property during the time between the 1st day of February, 1902, and the 13th day of May, 1913, is the sum of $2,823.00, and no more. That the said sum of $3,417.72 being the reasonable value of the lumber, building materials, and pasturage furnished, services performed, rent and hire of horses, mules, or other animals furnished to plaintiff by defendant, and money paid out by defendant at the request of, and for and on behalf of, and to said plaintiff as aforesaid, exceeds the reasonable value of the use and occupation of said real prop-

erty by the sum of $594.72, and for which excess of $594.72 the plaintiff is indebted to the defendant over and above the reasonable value of the use and occupation of said premises by said defendant as aforesaid.'' The prayer of the answer was that plaintiff take nothing, but that defendant have judgment for costs and for other appropriate relief. Defendant also averred that any cause of action was barred by the provisions of sections 337 and 339 of the Code of Civil Procedure.

We have thus described the pleadings, perhaps at unnecessary length, because appellant insists that a mutual account was neither pleaded nor established by evidence. He asserts that there can be no open, mutual, and current account where all of the averred indebtedness of one of the litigants to the other is based upon *quantum meruit*. But we find no force in his contention on this point. The reasonable value of the use of the premises was only one of the items in the mutual account. It is true that the balance due to one from the other of the parties to the action could not be struck until the value of such use was determined, but that fact does not make the existence of an open, mutual, and current account impossible. Where rental of a chattel is set up as an item of such an account, plaintiff demanding the reasonable value of the use of the personal property, it has been held that in the absence of evidence showing an express agreement as to rental the court must fix the proper amount to be charged. (*Culver* v. *Newhart,* 18 Cal. App. 614–623, [123 Pac. 975].) We see no reason why the same rule should not be applied to rental of real property under like circumstances. Plaintiff and defendant each demanded a bill of particulars, and each in his bill enumerated items covering virtually the entire period of tenancy and sought to support his schedule by testimony. In view of these facts and the pleadings it cannot justly be asserted that an ''open, mutual, and current account'' was not pleaded. But appellant makes the further assertion that no mutual agreement of setoff is shown. But the complaint, in effect, avers such mutual agreement by pleading an open account, and defendant, although denying the existence of such an account, admits a certain amount as being the reasonable value of the use of the premises, and that plaintiff agreed to allow him the reasonable value of his payments, his services, and the commodities furnished by him as a setoff to the rent. If there was an ''agreement'' it could scarcely be without mutuality,

and under the pleadings the only dispute which the court could settle would seem to have been that with reference to the amounts properly to be charged against the items in the bills of particulars and the resulting balance, if any.

Appellant cites authorities from other states to the effect that assignment destroys the mutuality of accounts. We are of the opinion, however, that the better and more just rule is that stated by Mr. Justice Hart in the opinion in *Culver* v. *Newhart, supra,* as follows: "No one will dispute the proposition that a mutual, open, and current account, like an ordinary account, is property—that is, a chose in action—and that, therefore, the plaintiff, as the original owner of the account in question, had the undoubted right to sell and transfer the same to his wife, or to any other person (Civ. Code, secs. 1458, 953 and 954), subject, of course, to any equities which might have existed as to said account in favor of the debtor."

The court properly admitted testimony of qualified persons regarding the rental value of the property, but appellant specifies error in the ruling permitting one of these witnesses, Mr. Whitlock, to testify how much rent Chinese gardeners had paid and were paying for the use of land in the neighborhood of that occupied by appellant. This testimony was not given, however, upon the direct examination of the witness. He had testified that from his knowledge of values and conditions he would fix $15 per acre, per year, as a fair rental value of the land in question. On cross-examination he said: "It is a fact that I base my statement of $15 an acre rental value largely from the theory and from the thought possibly that land has been renting in that neighborhood to Chinamen for vegetable purposes, at $15 an acre, or possibly more. I don't know whether land there could be rented for $15 an acre in the open market." On redirect examination it developed that according to the personal knowledge, and the information gathered by the witness, even higher rental than $15 an acre had been obtained from some of the Chinese gardeners. The subject was introduced by defendant himself, and it was perfectly proper for plaintiff to bring out on redirect examination testimony tending to demonstrate how much dependence the witness, in reaching his estimate of reasonable rental value of this particular tract, had placed upon the knowledge he had obtained of

prices paid by a certain class of renters, namely, Chinese gardeners.

No other specifications of alleged errors require analysis or discussion.

The order is affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.,* concurred.